IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY STINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:12-CV-412-TMH |
| | ) | [WO] |
| | ) | |
| GRAIG JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Covington County Jail in Andalusia, Alabama, challenges his current incarceration on unspecified criminal charges and complains that his bond is not affordable. Named as the defendant is Graig Jackson. Plaintiff seeks damages. Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

*A. False Imprisonment*

Plaintiff complains that despite not having violated any laws Defendant Jackson

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

arrested and imprisoned him based on hearsay. Plaintiff's complaint is sparse on facts. Liberally construing the complaint, *see Hughes v. Rowe,* 449 U.S. 5 (1980), the court understands Plaintiff to bring his claims pursuant to the Fourth and Fourteenth Amendments seeking to challenge the legality of his arrest and detention. Plaintiff's claims, however, are barred under the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 59 (1971), which establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary circumstances. *Id.* at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders,* 304 F.App'x 814, 816 (11th Cir. 2008) *(per curiam)*. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Younger*, 401 U.S. at 43; *see also Herrera v. Safir,* 17 F. App'x 41, 42 (2nd Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

A federal court could enjoin a pending state criminal proceeding only if "the danger

of irreparable loss is both great and immediate," and only if "the threat to the plaintiff's federally protected rights [is] one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 45–46 (internal citation and quotation marks omitted). To justify federal intervention, Plaintiff "must show manifest bad faith and injury that is great, immediate, irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and result in a deprivation of meaningful access to the state courts." *Allee v. Medrano,* 416 U.S. 802, 836 (1974).

In this case, Plaintiff has not alleged that the pending state court proceedings regarding the charges made the subject of his complaint will not provide him with an adequate opportunity to raise his federal constitutional claims. Further, Plaintiff has not alleged any prosecutorial or judicial bad faith, nor is any bad faith apparent from the record. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff may vindicate his constitutional rights in the on-going state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. Additionally, in *Heck v. Humphrey,* 512 U.S. 477 (1994)*,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such

confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id* at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

Based on the foregoing, this court must abstain from considering the merits of Plaintiff's challenges to his alleged illegal and unlawful arrest and imprisonment. Accordingly, dismissal of these claims claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as they are not cognizable in a 42 U.S.C. § 1983 action at this time.


*B. Excessive Bond*

The court understands Plaintiff to complain that his bond amount is excessive. Pursuant to the relevant Alabama Rules of Criminal Procedure,  judges and magistrates of the state courts are responsible for and have authority to set and reduce bond/bail. *See* Rule 7.2, *Alabama Rules of Criminal Procedure*.  Judges, however, cannot be sued for money damages (the only relief Plaintiff seeks) for performing judicial acts, even when the acts

4

result in unfairness and injustice to a litigant. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). Thus, Plaintiff could not proceed in this action with his claim that he is being subjected to an excessive bond in violation of the Eighth Amendment even if the proper defendant had been named. *See Clay v. Allen,* 242 F.3d 679, 682 (5th Cir. 2001) (judge absolutely immune from money damages on excessive bail claim). Furthermore, even if Plaintiff sought his release before trial instead of money damages on his excessive bond claim, the appropriate avenue of relief would be the filing of petition for a writ of habeas corpus after exhausting his state court remedies, not a suit under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's unlawful and illegal arrest and imprisonment claims be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  Plaintiff's § 1983 excessive bond claim be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i); and

3.   This case be DISMISSED prior to service of process.

 It is further

ORDERED that the parties may file any objections to the Recommendation on or

before **May 24, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of May, 2012.

                                            /s/Charles S. Coody
                                            CHARLES S. COODY
                                            UNITED STATES MAGISTRATE JUDGE